**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **O.D. WRIGHT,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:09-CV-1923-B |
| ) | |
| **CITY OF DALLAS, TEXAS, et al.,** ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order* of reference, filed April 26, 2010, before the Court is *Defendant City of Dallas, Texas' Amended Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)* ("Mot. Dismiss"), filed January 21, 2010, (doc. 11). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

Plaintiff filed this action against the City of Dallas, Texas ("City"), and several police officers under 42 U.S.C. § 1983, alleging an illegal arrest and search and use of excessive force that resulted in significant injuries to him. (Am. Compl. at 1-5.) He claims that on February 25, 2008, he was sitting on his porch drawing and painting when one or more officers in masks and tactical gear came onto his porch while yelling at him to get on the ground and using a racial epithet. (*Id.* ¶ 6.01.) An officer struck him on the side of his head when he tried to ask what was going on, held a revolver to his head, and pushed him off the porch, causing him to slam onto the ground on his back. (*Id.*) After Plaintiff turned over, as instructed, another officer hit him in the thigh with a stick while an officer had his knee in Plaintiff's back. (*Id.*) No officer asked Plaintiff to identify himself, he had no weapon, and he made no offensive move toward any officer. (*Id.* ¶ 6.02.) The officers claimed that Plaintiff was involved in drug transactions with a neighbor. (*Id.*) Without producing a search warrant or obtaining consent, two other officers entered his home. (*Id.* ¶ 6.03.) Two

uniformed officers later apologized to him for the incident. (*Id.*)

Plaintiff claims that the City deprived him of his rights under the Fourth Amendment[1] by inadequately supervising the training and conduct of its officers, failing to enforce the Constitution and state law, and having improper policies and practices. (*See id.* ¶¶ 2.01, 4.01, 9.03, 9.04.) He specifically identifies three customs or policies that led to his injuries: (1) using racial epithets to threaten and intimidate African-Americans; (2) using excessive force to intimidate and coerce citizens; and (3) making false accusations to obtain a confession. (*Id.* ¶ 6.09.)

## II. MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), the City moves to dismiss all claims against it for failure to state a claim. (Mot. Dismiss at 1.)

**A. Legal Standard**

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "de-

---

[1] Although the City also moves to dismiss Plaintiff's state tort claims, (*see* Mot. Dismiss at 20 (identifying assault, false arrest, and intentional infliction of emotional distress)), Plaintiff clarifies in his response that he only pursues a Fourth Amendment claim against the City, (*see* Pl.'s Resp. at 11).

2

tailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

### B. Municipal Liability

The City contends that Plaintiff failed to state enough facts to allege a cause of action for municipal liability under 42 U.S.C. § 1983. (Mot. Dismiss at 1, 6, 9-14.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show that he has been deprived of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See Flagg*

3

*Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights. *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690-91 (1978). The plaintiff must show an "underlying claim of a violation of rights" as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). "Official policy" is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston,* 735 F.2d 838, 841 (5th Cir. 1984) (en banc); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). For a facially constitutional policy, the plaintiff must demonstrate that the policy was promulgated with deliberate indifference to known or obvious unconstitutional consequences. *Piotrowski v. City of Houston,* 237 F.3d 567, 579 (5th Cir. 2001); *accord Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 849-50 (5th Cir. 2009) (discussing failures to train or supervise officers), *cert. filed* No. 09-983 (Feb. 16, 2010).

Here, Plaintiff does not allege a specific policy that was officially adopted and promulgated; he claims that the City was aware of persistent, widespread customs of making false accusations and

using excessive force and racial epithets resulting from failures to train and supervise officers. The amended complaint sets out only the February 25, 2008 incident, from which he apparently infers these customs. A single incident does not show a policy or custom, however. *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009). Nor is it sufficient to infer a policy based on a customary practice. *See City of Okla. City v. Tuttle*, 471 U.S. 808, 821 (1985); *see also Bennett v. City of Slidell,* 728 F.2d 762, 768 n.3 (5th Cir. 1984) ("Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability.").

Following *Twombly* and *Iqbal*, plaintiffs have the burden to allege facts that show entitlement to relief. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 213 (5th Cir. 2009). Well-pled facts that merely permit an inference of possible misconduct do not show entitlement to relief as required by Rule 8(a)(2). *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (relying on *Iqbal*). Without enough facts to permit the inference of an official custom or policy that resulted in Plaintiff's injuries, his claims against the City necessarily fail. *See McClure v. Biesenbach*, 355 F. App'x 800, 803-04 (5th Cir. 2009) (finding that Plaintiffs must plead facts showing that a policy or custom existed to state a claim and affirming dismissal of municipal liability claims because the complaint alleged insufficient facts).[2]

This conclusion is supported by this Court's decision in *Davenport v. City of Garland, Tex.*, No. 3:09-CV-798-B, 2010 WL 1779620, at *2-3 (N.D. Tex. Apr. 9, 2010) (recommending granting motion to dismiss), *accepted by* 2010 WL 1779619 (N.D. Tex. Apr. 30, 2010). As in this case,

---

[2] Other appellate courts have also affirmed dismissals of municipal liability claims based on insufficient factual allegations. *See Missel v. County of Monroe*, 351 F. App'x 543, 545-46 (2d Cir. 2009); *Bittner v. Snyder County, Pa.*, 345 F. App'x 790, 793 (3d Cir. 2009).

5

Davenport alleged that "the use of excessive force . . . is so common and well known . . . that it constitutes a custom that fairly represents official policy". *See* 2010 WL 1779620 at *2. The Court found that these "conclusions, unsupported by facts, are not entitled to the presumption of truth." *Id.* It further found that alleged failures to train or discipline officers were not supported by facts and were therefore mere conclusions not entitled to the presumption of truth. *Id.* at *3. Because Davenport failed to plead facts that "show similar incidents of excessive force", knowledge or approval by a policymaker of a pattern or practice of excessive force, or a failure to train officers by a final policymaker, he failed to state a plausible claim of municipal liability. *Id.* In this case, Plaintiff also failed to plead sufficient facts.[3]

Plaintiff argues that based on *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), there is no heightened pleading standard for municipal liability under § 1983. (Pl.'s Resp. at 10-11.)  In *Twombly* and *Iqbal*, the Supreme Court clarified that the pleading requirement for facts rather than conclusions lies within Fed. R. Civ. P. 8(a), not any heightened pleading standard. The difference between the Rule 8(a) pleading standard and an impermissible heightened pleading standard is in the factual particularity or specificity needed to state a claim. *See Twombly*, 550 U.S. at 569 n.14. A heightened pleading standard requires that a plaintiff "allege 'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Id.* at 570 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002)). The *Twombly* court did not find that "the allegations in the complaint were insufficiently

---

[3]   Other district courts have likewise dismissed municipal liability claims for lack of factual support. *See Hutchison v. Metro. Gov't of Nashville & Davidson, County*, 685 F. Supp. 2d 747, 751-52 (M.D. Tenn. 2010); *Martin v. District of Columbia*, No. 09-1241(EGS), 2010 WL 2628711, at *3 (D.D.C. July 1, 2010); *Ward v. Nevada*, No. 3:09-CV-00007-RCJ-VPC, 2010 WL 1633461, at *5 (D. Nev. Feb. 26, 2010), *accepted by* 2010 WL 1640427 (D. Nev. Apr. 2010);*Jenkins v. Humboldt County*, No. C 09-5899 PJH, 2010 WL 1267113, at *3 (N.D. Cal. Mar. 29, 2010); *Mabien v. Riley*, No. 08-00728-CG-B, 2009 WL 4609763, at *3 (S.D. Ala. Dec. 1, 2009).

"particular[ized]"; rather, the complaint warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible". *Id.* at 559 n. 14. Requiring Plaintiff to allege facts sufficient to infer the existence of an official custom or policy does not impose an impermissible heightened pleading requirement.

In conclusion, because Plaintiff alleges only one incident to support his inference of an official custom or policy, his factual allegations are insufficient to nudge his claims of municipal liability from conceivable to plausible, and the City's motion to dismiss should be granted.[4]

### III.  REQUEST TO AMEND

Plaintiff seeks leave to replead his amended complaint if the Court finds it deficient. (Pl.'s Resp. at 1.) A party, however, is not entitled to remedy a pleading deficiency simply by seeking leave to amend in response to a motion to dismiss. *Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). When a party opposes a motion to dismiss on its merits while also asking for leave to amend should the Court deem dismissal proper, the party "may not avoid the implications" of his choices. *Id.* Plaintiff has already amended his complaint once and has neither sought leave to amend in accordance with LR 15.1 nor provided a sufficient factual basis for a claim against the City in this case. Consequently, the request to amend should be denied.

### IV.  CONCLUSION

*Defendant City of Dallas, Texas' Amended Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)*, filed January 21, 2010, (doc. 11) should be **GRANTED**, and Plaintiff's request to amend should be **DENIED**.

---

[4] Plaintiff urges the Court to deny the motion to dismiss as premature because he is "entitled to discovery . . . prior to any ruling from this Court." (Pl.'s Resp. at 8.) Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1950; *accord Twombly*, 550 U.S. at 563 n.8 (recognizing that "before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct").

**SO RECOMMENDED on this 19th day of July, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE