IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| O.D. WRIGHT | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | No. 3:09-CV-1923-B |
| | § | |
| WILLIE MARK-#7716, KENNETH | § | |
| FRANCIS-#6710, N. BARDIN-#4490, | § | |
| T. CONWAY-#7430, M. CASTANON, | § | |
| J. ALANIS-#8076, and JOHN DOES 1 | § | |
| & 2, | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated November 11, 2010, before the Court is *Defendants' Rule 12(c) Motion for Partial Judgment on the Pleadings* ("MFJ"), filed October 22, 2010, (doc. 42). Based on the relevant filings and applicable law, the motion should be **DENIED** as moot.

**I. BACKGROUND**

Plaintiff filed this action against the City of Dallas, Texas ("City"), and Willie Mark, Kenneth Francis, N. Bardin, T. Conway, M. Castanon, and J. Alanis (the "Officers") under 42 U.S.C. § 1983, alleging an illegal arrest and search and use of excessive force that resulted in significant injuries to him. (Am. Compl. at 1-5.) He claims that on February 25, 2008, he was sitting on his porch drawing and painting when one or more officers in masks and tactical gear came onto his porch while yelling at him to get on the ground and using a racial epithet. (*Id.* ¶ 6.01.) An officer struck him on the side of his head when he tried to ask what was going on, held a revolver to his head, and pushed him off the porch, causing him to slam onto the ground on his back. (*Id.*) After he turned over, as instructed, his hands were tied behind his back, another officer hit him in the thigh with a stick while an officer had his knee in Plaintiff's back. (*Id.* ¶¶ 6.01, 6.02.) While his hand

were tied behind his back, one officer placed his knee on Plaintiff's back, and his identification was removed from his pocket by one of the officers. (*Id.* ¶ 6.02.) No officer had asked Plaintiff to identify himself prior to removing his identification, he had no weapon, and he made no offensive move toward any officer. (*Id.* ¶ 6.02.) The officers claimed that he was involved in drug transactions with a neighbor, two officers entered his home without producing a search warrant or obtaining his consent, and two uniformed officers later apologized to him for the incident. (*Id.* ¶¶ 6.02, 6.03.) Plaintiff claims that he sustained injuries to his head, neck, hip, leg, foot, fingers, shoulder, elbows, and lower back. (*Id.* ¶ 6.04.)

## II. RULE 12(c) PARTIAL MOTION FOR JUDGMENT

Pursuant to Fed. R. Civ. P. 12(c), the Officers move to dismiss Plaintiff's conspiracy claim under 42 U.S.C. § 1983 and his state common law tort claim for intentional infliction of emotional distress. (MFJ at 1.)

**A.     Legal Standard**

Parties may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (citation omitted). The standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings

must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

**B.    Conspiracy Claim**

The Officers assert that Plaintiff fails to state a conspiracy claim under 42 U.S.C. § 1983 and they are entitled to judgment on the pleadings, citing *Langley v. Napolitano*, 677 F. Supp. 2d 261,

3

270 (D.C. Cir. 2010); *Liang v. Elliott*, No. 08-11340, 2008 WL 4539520, at *2 (E.D. Mich. Oct. 8, 2008); *Volberg v. Pataki*, 917 F. Supp. 909, 913 (N.D.N.Y. 1996). (MFJ at 5-7.) In his response, Plaintiff concedes he is not asserting a conspiracy claim against the Defendants. (Pl.'s Response at 3, ("[T]o the extent that it is believed that a "conspiracy" claim has been brought, Plaintiff is not pursuing such claim.")). Based on Plaintiff's response, the Officers urge the court to deny their Rule 12(c) motion as to this claim as moot. (Reply at 2.) Because Plaintiff has asserted that he is not pursing a conspiracy claim, this portion of the Officers' Rule 12(c) motion should be denied as moot. *See McFarland v. AT&T Corp.*, No. Civ. 3:01-CV-2173H, 2002 WL 31178158, at *3 (N.D. Tex. Sept. 30, 2002).

C. **Intentional Infliction of Emotional Distress Claim**

The Officers also assert that Plaintiff's state tort claim for intentional infliction of emotional distress is not cognizable because the claim arises from the same facts as Plaintiff's Fourth Amendment claims, citing *Cook v. United States*, No. 4:10-CV-291-A, 2010 WL 2990763, at *2 (N.D. Tex. July 28, 2010). (MFJ at 7-9.) In his response, Plaintiff agrees with the Officers that an intentional infliction of emotional distress claim can only be brought when a claimant has no other recognized means of redress. (Pl. Resp. at 2.) He contends that although he referred to intentional infliction of emotional distress in the factual portion of his complaint, he has not and does not intend to allege such a claim. (*Id.*) In their reply, the Officers also ask the court to deny their Rule 12(c) motion as to this claim as moot based on Plaintiff's assertion that he is not pursing a claim for intentional infliction of emotional distress. (Reply at 1-2.) Because Plaintiff has conceded that he is not pursing a claim for intentional infliction of emotional distress, this portion of the Officers' Rule 12(c) motion should also be denied as moot. *See Iruegas v. Diversified Adjustment Serv., Inc.*, No. A-09-CA-898 LY, 2010 WL 1171088, at * 2 (W.D. Tex. March 22, 2010).

4

## III. REQUEST TO AMEND

In the conclusion of his response, Plaintiff requests to amend his pleadings if the court grants any part of the Officers' motion. He has conceded that he is not asserting the claims which are the subject of the motion, however, and he has not sought leave to amend in accordance with Local Civil Rule 15.1. His request to amend should be denied without prejudice to filing a proper motion for leave to amend if he deems it necessary.

## IV. CONCLUSION

*Defendants' 12(c) Motion for Partial Judgment on the Pleadings,* filed October 22, 2010 (doc. 42) should be **DENIED** as moot, and Plaintiff's request to amend should be **DENIED**.

**SO RECOMMENDED on this 4th day of January, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE